# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

KENNETH SWAIN,
             Appellant,

             v.

DEPARTMENT OF THE ARMY,
             Agency.

DOCKET NUMBER
AT-0752-15-0314-I-1

DATE: September 17, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Herman E. Millender</u>, Talladega, Alabama, for the appellant.

<u>Polly Russell</u>, Esquire, Anniston, Alabama, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1   The appellant has filed a petition for review of the initial decision, which sustained his 45-day suspension for conduct unbecoming.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2        The appellant holds the position of Painter.  Initial Appeal File (IAF), Tab 4 at 11.  In September 2014, the agency proposed suspending him for 45 days based upon one charge of conduct unbecoming.  *Id*. at 34-36.  The appellant responded to the charge, *id*. at 22-23, 31-33, and the deciding official affirmed the 45-day suspension, *id*. at 13-21.

¶3        The appellant appealed his suspension to the Board and asserted the affirmative defense of race discrimination based on disparate treatment.  *See* IAF, Tab 1, Tab 20 at 2.  The administrative judge identified the agency's conduct unbecoming charge as consisting of three separate specifications:  (1) touching coworker S.S. in an inappropriate manner; (2) making inappropriate statements and gestures to S.S.; and (3) asking S.S. to go out after she advised him that she was not interested.  IAF, Tab 23, Initial Decision (ID) at 2-3; *see* IAF, Tab 4 at 34.  After holding the requested hearing, the administrative judge found that the agency proved only the first of those three specifications, but that proof of the first specification was sufficient to sustain the charge as a whole.  ID at 6.  The administrative judge affirmed the appellant's 45-day suspension.  ID at 10.

¶4	The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1.[2] The agency has filed a response, and the appellant has filed an untimely reply.[3] PFR File, Tabs 3-4.

¶5	In his petition, the appellant first disputes the administrative judge's credibility findings. PFR File, Tab 1 at 1-2. As noted in the initial decision, to resolve credibility issues, an administrative judge must identify the factual questions in dispute, summarize the evidence on each disputed question, state which version he believes, and explain in detail why he found the chosen version more credible, considering relevant factors. ID at 3; *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987) (providing a nonexhaustive list of credibility factors). In doing so for the two specifications that he did not sustain, the administrative judge found that the testimony from the appellant and S.S. was diametrically opposed, and no *Hillen* factors favored one version of events over the other. ID at 6. Concerning the one remaining specification, the inappropriate touching of S.S., the administrative judge again found that many credibility

---

[2] With his petition, the appellant attached a newspaper article dated after the administrative judge's initial decision. PFR File, Tab 1 at 5. Under 5 C.F.R. § 1201.115, the Board generally will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). To constitute new evidence, the information contained in the documents, not just the documents themselves, must have been unavailable despite due diligence when the record closed. 5 C.F.R. § 1201.115(d). Because the appellant has not shown that the information contained in the article he presented on review was previously unavailable despite his due diligence, we will not consider it.

[3] The agency's certificate of service indicates that a paper copy of its response would be mailed to the appellant by the end of business on July 13, 2015. *See* PFR File, Tab 3 at 13. Pursuant to the Board's regulations, any reply to a response must be filed within 10 days of the date of service of the response. 5 C.F.R. § 1201.114(e); *see* 5 C.F.R. § 1201.4(i)-(j), (*l*); PFR File, Tab 2 at 1. Additionally, 5 C.F.R. § 1201.23 provides that "[u]nless a different deadline is specified by the Board or its designee, 5 days are added to a party's deadline for responding to a document served on the party by mail." Accordingly, assuming that the agency served the appellant with its response via U.S. mail on July 13, 2015, the appellant's reply was required to be filed on or before July 28, 2015. Therefore, the appellant's reply, which is postmarked on August 7, 2015, is untimely, and we will not consider it. *See* PFR File, Tab 4 at 4.

factors favored neither the appellant's version of the events, nor S.S.'s version. ID at 3-5. However, he ultimately credited S.S.'s account and found that the agency proved the specification, based upon the fact that a third party witness to those events contradicted the appellant's version and supported S.S.'s version. ID at 4-5; *see* IAF, Tab 5 at 14, 23.

¶6        The appellant argues that S.S. was not a credible witness because she frequently flirted with the appellant and others. PFR File, Tab 1 at 1-2. He also asserts that S.S. was not credible because she provided false statements pertaining to her completion of new hire training courses. *Id.*; *see* IAF, Tab 4 at 31; *see also* IAF, Tab 4 at 14. These arguments are not persuasive.

¶7        The administrative judge specifically addressed the allegation that S.S. had previously acted in a flirtatious manner, finding that this did not render her testimony less credible, ID at 4, and we agree. In addition, we are not persuaded by the allegation that S.S. lacks credibility due to a statement she made pertaining to her completion of training. The statement is unrelated to the disputed issue— whether the appellant touched S.S. in an inappropriate manner and whether S.S. testified credibly as to that touching. Moreover, S.S.'s testimony about the appellant's inappropriate touching is bolstered by the statement of a third party witness. *See* IAF, Tab 5 at 14, 23. Therefore, we find that the appellant has failed to present any basis for disturbing the administrative judge's well-reasoned credibility findings and conclusion that the agency met its burden of proving that the appellant engaged in conduct unbecoming by touching S.S. in an inappropriate manner. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding that the Board will give due deference to the administrative judge's credibility findings).

¶8        The appellant next appears to allege that the agency improperly charged him with conduct unbecoming, rather than sexual harassment, and that the agency would not have been able to prove a sexual harassment charge. PFR File, Tab 1 at 2. However, the appellant has failed to identify any law, rule, or regulation

requiring the agency to identify his actions as something other than conduct unbecoming. *See generally George v. Department of the Army*, 104 M.S.P.R. 596, ¶ 7 (2007) (finding that the Board reviews an agency's decision in an adverse action solely on the grounds invoked by the agency and may not substitute what it considers to be a more adequate or proper basis; an agency must prove the elements of its chosen charge), *aff'd*, 263 F. App'x 889 (Fed. Cir. 2008). Therefore, we find that his allegation is unavailing.

¶9    The appellant also appears to reassert his affirmative defense of racial discrimination based on disparate treatment by arguing that the agency subjected him, an African American, to discipline for his actions, but did not impose any discipline on S.S., a Caucasian, for her purported false statements about her completion of training. PFR File, Tab 1 at 3. However, for a disparate treatment claim such as this, other employees must be similarly situated, i.e., all relevant aspects of the appellant's employment situation must be nearly identical to those of the comparator employee. *Gregory v. Department of the Army*, 114 M.S.P.R. 607, ¶ 44 (2010). Comparators must have reported to the same supervisor, been subjected to the same standards governing discipline, and engaged in conduct similar to the appellant's without differentiating or mitigating circumstances. *Id*.

¶10    Even if we were to accept the appellant's allegation that S.S. provided false statements without consequence, that conduct is not similar to the appellant's inappropriate touching. Moreover, as the administrative judge correctly noted, the deciding official presented uncontradicted testimony that, while she imposed a 45-day suspension on the appellant, she previously had imposed more severe discipline on a Caucasian employee for similar misconduct. ID at 9; IAF, Tab 22, Hearing Compact Disc (testimony of P.S.). Accordingly, we find that the administrative judge properly denied the appellant's affirmative defense as unproven. ID at 9-10.

¶11    The appellant lastly argues that the administrative judge exercised an abuse of discretion by permitting the agency to submit its prehearing pleading after

April 27, 2015, the deadline for doing so.  PFR File, Tab 1 at 2-3.  However, the assertion underlying this argument is incorrect.  Both parties were ordered to submit their prehearing submissions for receipt in the administrative judge's office on or before April 27, 2015.  IAF, Tab 6 at 2-3.  The agency complied.  *See* IAF, Tabs 16-18.  Accordingly, the appellant's argument fails; it is based on an erroneous assertion.

¶12      Although the aforementioned arguments are the only ones presented on review, we have reviewed the remaining issues addressed in the initial decision, including nexus and the reasonableness of the penalty.  We find no basis for disturbing the administrative judge's well-reasoned conclusions.  *See Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions).

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court. *See* 5 U.S.C. § 7703(b)(2). You must file your civil action with the district court no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of

prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.