NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3166


DAVID L. GEORGE,

Petitioner,


v.


DEPARTMENT OF THE ARMY,

Respondent.


Sarah L. Wixson, Stokes Lawrence Velikanje Moore and Shore, P.S., of Yakima, Washington, for petitioner.

Patrick B. Bryan, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With him on the brief were Jeanne E. Davidson, Director, and Todd M. Hughes, Deputy Director.  Of counsel on the brief was Stephen Robert Hart, Office of the Staff Judge Advocate, United States Department of the Army, of Fort Lewis, Washington.

Appealed from:  Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3166

DAVID L. GEORGE,

Petitioner,

v.

DEPARTMENT OF THE ARMY,

Respondent.

Petition for review of the Merit Systems Protection Board in SF0752060316-I-1.

_____

DECIDED: February 7, 2008
_____

Before MAYER, DYK, and MOORE, <u>Circuit Judges</u>.

PER CURIAM.

David L. George (Mr. George) appeals the United States Merit Systems Protection Board's (Board) final order in <u>George v. Department of the Army</u>, SF0752060316-I-1 (Feb. 1, 2007). The Board affirmed the administrative judge's June 6, 2006 initial decision, sustaining the Department of the Army's (agency) reduction of Mr. George's grade from the position of Supervisor Firefighter, GS-8, step 8, to the position of Firefighter, GS-7, step 10, based upon the agency's charge that Mr. George engaged in "Retaliatory Behavior Directed Against a Subordinate for Protected Activity." We <u>affirm</u>.

BACKGROUND

Mr. George submitted inaccurate time statements that over-reported the overtime hours that he and seven of his subordinate firefighters spent in completing training exercises at the Army's Yakima Training Center (YTC). Another firefighter posted at YTC, who was subordinate to Mr. George, discovered the inconsistency and reported it to the YTC Base Commander. In response, the agency conducted an internal investigation. During the course of the investigation, Mr. George made comments about the presence of a "rat" at the YTC fire station. Mr. George also hung a large rat trap on the wall in a prominent location at the YTC fire station upon which he attached a piece of paper containing the definition of the term "rat," which included the following language: "a contemptible person; as one who betrays or deserts friends or associates."

Based upon the investigator's findings, the agency proposed Mr. George's demotion from Supervisory Firefighter to non-supervisory position of Firefighter, based upon a general charge of "Supervisory Misconduct," which was composed of three specific charges: (1) "Allowing False Time Cards to be Processed Resulting in Overtime Payment for Unearned Overtime for Yourself and Subordinates;" (2) "Falsification of the Official Fire Department Incident Report;" and (3) "Retaliatory Behavior Directed Against a Subordinate for his Protected Activity." On December 5, 2005, the Deputy Base Commander of the YTC issued a Notice of Decision, sustaining the agency's charges and finding that the penalty of demotion was reasonable.

On February 6, 2006, Mr. George filed an appeal of the agency's action. On June 6, 2006, the administrative judge issued an initial decision that affirmed the agency's reduction of Mr. George's grade based upon Charges One and Three.

On appeal to the Board, Mr. George argued that the administrative judge erred as a matter of law by finding that Charge Three did not require a showing by the agency that Mr. George had taken or threatened to take an adverse "personnel action" against a subordinate. Although the Board in its February 1, 2007 order found that the administrative judge incorrectly interpreted Charge One, the Board nevertheless affirmed the initial decision, finding that Mr. George had not demonstrated that the administrative judge had erred in sustaining Charge Three. This appeal followed.

## DISCUSSION

This court affirms a decision of the Board unless it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, or unsupported by substantial evidence. 5 U.S.C. § 7703(c). The primary issue in this appeal—whether the Board erred by sustaining the agency's charge of "Retaliatory Behavior Directed Against a Subordinate for His Protected Activity" without requiring proof of an adverse "personnel action"—is a legal question that this court reviews de novo. See Augustine v. Dep't of Veterans Affairs, 429 F.3d 1334, 1338 (Fed. Cir. 2005).

George argues that the term "Retaliatory Behavior" as used in the title of Charge Three should be interpreted in such a way as to require the agency to prove the elements of the Whistleblower Protection Act, including proof of a "personnel action." The government counters that the agency did not charge Mr. George with taking or threatening to take a "personnel action" against the subordinate or refer in any way to the Whistleblower Protection Act in its charging documents. The government contends that the charging documents indicate that the essence of the charge is Mr. George's improper harassment of a subordinate and the creation of a hostile work environment at

the YTC fire station. Finally, the government contends that Mr. George's application of the Whistleblower Protection Act is inconsistent with its central purposes, as Mr. George is seeking to invoke the statute as a shield to insulate himself from the effects of his own misconduct. See Watson v. Dep't of Justice, 64 F.3d 1524, 1530 (Fed. Cir. 1995) (the Whistleblower Protection Act was clearly intended to encourage Federal employees to "blow the whistle on wrongdoing" and to "prevent reprisals against the whistleblowing employee").

We agree with the government. The use of the term "retaliatory" in a charge does not mean that the government must prove that Mr. George engaged in an adverse "personnel action." The agency has the right and the duty to discipline employees, particularly supervisors who engage in acts of harassment, in order to promote the "efficiency of the service." See 5 U.S.C. § 7513(a) (an agency may take an "adverse action" against an employee, such as reducing an employee's grade, for "such cause as will promote the efficiency of the service").

The essence of Charge Three is not that Mr. George violated the Whistleblower Protection Act, but rather that his behavior in hanging the rat trap and commenting about the presence of a rat at the YTC fire station led to a hostile work environment. In the specifications underlying the charge in the proposal letter, the agency characterized the charge as "retaliatory and harassing behavior that created a hostile work environment." The final decision letter specifies that the basis for the agency's action was Mr. George's lapse in judgment as a supervisor by posting the rat trap while "knowing that an investigation was ongoing" and that the display of the rat trap could be "construed as harassment."

George also asserts that even if Charge Three is upheld, removal from supervisory status was not an appropriate penalty. An agency's penalty determination should only be overturned when "the agency failed to weigh the relevant factors, or . . . the agency's judgment clearly exceeded the limits of reasonableness." Hunt v. Dep't of Health & Human Services, 758 F.2d 608, 610 (Fed. Cir. 1985) (citing Douglas v. Veterans Admin., 5 M.S.P.B. 313, 333 (1981)). When the Board sustains fewer than all of the agency's charges, it may mitigate the agency's penalty to the maximum reasonable penalty. Lachance v. Devall, 178 F.3d 1246, 1260 (Fed. Cir. 1999). The Board exercises its mitigation after consideration of the relevant Douglas factors. Adam v. U.S. Postal Serv., 96 M.S.P.R. 492, aff'd, 137 Fed. Appx. 352 (Fed. Cir. 2005).

Here, the Board balanced the relevant Douglas factors including the absence of a prior disciplinary history and Mr. George's years of government service, and determined that the penalty of reduction was within the tolerable limits of reasonableness, given Mr. George's position as a supervisor and the seriousness of the misconduct. In addition, according to the agency's Table of Penalties, Mr. George's reduction in grade fell within the range of penalties for a first offense of "reprisal."

For the foregoing reasons, we affirm the Board's decision.