**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

JOEL WILMOTH,
   Appellant,

  v.

DEPARTMENT OF THE AIR FORCE,
   Agency.

DOCKET NUMBER
DA-0752-21-0109-I-1

DATE: August 18, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Daniel J. Gamino, Esquire, Oklahoma City, Oklahoma, for the appellant.

Jermiah Phelix, Esquire, and Michele S. McNaughton, Esquire, Tinker Air
 Force Base, Oklahoma, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

¶1  The agency has filed a petition for review of the initial decision, which reversed its chapter 75 removal action. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2        Effective December 23, 2020, the agency removed the appellant from his position as a WS-11 Aircraft Engine Mechanical Work Inspector Supervisor pursuant to 5 U.S.C. chapter 75.  Initial Appeal File (IAF), Tab 5 at 14, 16-19, 80-86.  The agency's notice of proposed removal stated as follows:  "[t]he reasons (sic) for this proposed action is your deliberate attempt to coerce your subordinate to lie."  *Id.* at 80.  The notice of proposed removal thereafter identified the "specific reason" for the proposed action as follows:  "On 13 Dec 2019, you attempted to coerce [agency employee K.B.] to lie about a statement he gave confirming inappropriate comments made by you."  *Id.*  The notice explained that K.B. had provided agency management with a written statement confirming that he had heard the appellant make an inappropriate comment to a group of agency employees in February 2019, which the appellant had, on December 13, 2019, asked him to retract.  *Id.*  The appellant appealed the agency's action to the Board and requested a hearing on the matter.  IAF, Tab 1 at 2.

¶3    Following a hearing conducted via Zoom for Government, the administrative judge issued an initial decision finding that the agency had failed to prove its charge and reversing the agency's removal action. IAF, Tab 30, Initial Decision (ID) at 1, 12. The administrative judge concluded that the incident described in the agency's notice of proposed removal had occurred as alleged, i.e., that the appellant had asked K.B. to retract his written statement regarding the appellant's February 2019 inappropriate comment. ID at 6-9. In so concluding, the administrative judge found "the appellant's outright denial of the conversation [with K.B.] to be inherently improbable," explaining, among other things, that the appellant's demeanor and body language while testifying "suggested nervousness and evasiveness." ID at 9. The administrative judge also concluded that the appellant had, in asking K.B. to retract his written statement, "acted deliberately or with intent." ID at 9-10. To this end, he reasoned that "the most logical result of the appellant's actions was to spare himself from suffering another disciplinary action."[2] ID at 10. The administrative judge concluded, however, that the agency failed to show that the appellant's conduct constituted an attempt to coerce his subordinate to lie. ID at 10-12. To this end, he found that the appellant and K.B. did not have a supervisor/subordinate relationship during the relevant timeframe. ID at 11. He also found that, although the appellant's request was highly inappropriate and likely constituted conduct unbecoming a supervisor and/or Federal employee, that was not the charge at issue; rather, the agency had charged the appellant with attempting to coerce his subordinate to lie. ID at 11-12.

¶4    The agency has filed a petition for review, and the appellant has filed a response. Petition for Review (PFR) File, Tabs 1, 3. In its petition, the agency

_____

[2] As set forth in the initial decision, ID at 3 n.1, prior to the events giving rise to this appeal, the appellant received written reprimands on October 31, 2018, and November 22, 2019, for discourteous conduct and inappropriate conduct, respectively, IAF, Tab 5 at 97-105.

argues the following: (1) the administrative judge misconstrued the language of the agency's charge; (2) the administrative judge erroneously analyzed whether the appellant coerced his subordinate instead of whether he *attempted* to coerce his subordinate; and (3) the agency proved the essence of the charge. PFR File, Tab 1 at 4-7.

¶5 Following the close of the record on review, the appellant filed a motion for interim relief. PFR File, Tab 5 at 4-6. He also filed a motion to strike the agency's petition for review, arguing that the agency did not include a certificate indicating that it had complied with the administrative judge's interim relief order. PFR File, Tab 4 at 4-5; ID at 13-14. The agency did not respond to either motion.

## ANALYSIS

The Board declines to dismiss the agency's petition for review for failure to comply with the administrative judge's interim relief order.

¶6 When, as here, the appellant was the prevailing party in the initial decision and the decision granted the appellant interim relief, any petition for review filed by the agency must be accompanied by a certification that the agency has complied with the interim relief order. 5 C.F.R. § 1201.116(a). The agency's failure to provide the required certification may result in the dismissal of the agency's petition for review. 5 C.F.R. § 1201.116(e). Here, the agency failed to provide the requisite certification with its petition; indeed, the agency's petition did not address interim relief at all. PFR File, Tab 1 at 4-7.

¶7 The appellant has submitted two filings wherein he contends that the agency failed to comply with the administrative judge's interim relief order and requests that the Board both order such relief and "strike" the agency's petition for review. PFR File, Tab 4 at 4-5, Tab 5 at 4-6. The Board will not entertain a motion to enforce an interim relief order; rather, it will treat such a motion as a motion to dismiss the petition for review. *Batten v. U.S. Postal Service*, 101 M.S.P.R. 222, ¶ 6, *aff'd*, 208 F. App'x 868 (Fed. Cir. 2006). Accordingly, we construe both of

the appellant's filings as requests to dismiss the agency's petition for review for noncompliance with the administrative judge's interim relief order.

¶8 An appellant's motion to dismiss a petition for review for noncompliance with an interim relief order must be filed before the record on review closes, unless it is based on new and material evidence that was not readily available before the record closed. *Forma v. Department of Justice*, 57 M.S.P.R. 97, 102, *aff'd*, 11 F.3d 1071 (Fed. Cir. 1993) (Table). Here, the appellant submitted both of his motions after the close of the record on review, i.e., more than 25 days after the date of service of the agency's petition for review, and he has not shown that his motions are based on any information that was not readily available to him before the close of the record. *See* 5 C.F.R. § 1201.116(d). Accordingly, we find the appellant's motions untimely filed without good cause shown. However, even if the appellant's motions had been timely filed, we would exercise our discretion not to dismiss the petition for review because the issue of the agency's compliance with the interim relief order is now moot by virtue of our final decision. *See Guillebeau v. Department of the Navy*, 362 F.3d 1329, 1332-34 (Fed. Cir. 2004) (explaining that the Board has discretion in deciding whether to dismiss a petition for review for failure to comply with an interim relief order); *see also Elder v. Department of the Air Force*, 124 M.S.P.R. 12, ¶ 20 (2016) (concluding that the Board's issuance of a final decision rendered moot the parties' dispute concerning the agency's compliance with the interim relief order).

The agency's linguistic argument is unpersuasive and, in any event, is not material to the outcome of this appeal.

¶9 The agency contends that the administrative judge erred in finding that it failed to prove its charge. PFR File, Tab 1 at 4-7. To this end, the agency argues that the administrative judge misconstrued the language of the charge, i.e., that, as written, the charge did not require the agency to prove that the appellant was K.B.'s direct supervisor. *Id.* at 7. The agency avers that the charge merely used

the term "your [s]ubordinate," and the appellant could, on occasion, dictate K.B.'s work assignments. *Id.* We find this assertion unpersuasive.

¶10      The agency is required to prove the charge as it is set out in the notice of proposed removal. *Parbs v. U.S. Postal Service*, 107 M.S.P.R. 559, ¶ 8 (2007). In resolving the issue of how a charge should be construed, the structure and language in the proposal notice and the decision notice will be examined. *George v. Department of the Army*, 104 M.S.P.R. 596, ¶ 7 (2007), *aff'd*, 263 F. App'x 889 (Fed. Cir. 2008). The nature of a charge should be construed in light of the accompanying specifications and circumstances. *Id.*

¶11      Here, although the notice of proposed removal did not specifically identify a "charge," it identified the "specific reason" for the appellant's removal as "Deliberate Attempt to Coerce *your* Subordinate to Lie."[3] IAF, Tab 5 at 80 (emphasis added). The notice of proposed removal also stated as follows: "[t]he reasons (sic) for this proposed action is your deliberate attempt to coerce *your* subordinate to lie." *Id.* (emphasis added). The decision letter used identical language. *Id.* at 16. Thus, the charge/reason, as written, did not describe K.B. as "a" subordinate; rather, it used the possessive adjective "your" to signify that K.B. was in the appellant's chain of command, as opposed to subordinate in a general sense, i.e., lower in grade.[4] *Cf. Robb v. Department of Defense*, 77 M.S.P.R. 130, 133-34 (1998) (explaining the distinction between the charge

---

[3] Generally, in a proposal notice, an agency sets out the charge(s) levied against the employee, or the reason(s) for the action, each followed by one or more specifications or specific instances of behavior underlying that charge. However, there is no requirement that the notice be in any particular form. *Schifano v. Department of Veterans Affairs*, 70 M.S.P.R. 275, 279 (1996).

[4] K.B. had previously worked directly for the appellant. ID at 8 n.8. Moreover, at the time of the conversation between K.B. and the appellant, K.B. was working in the appellant's building, and, therefore, the appellant could dictate K.B.'s work assignments for the day. ID at 11. Nevertheless, we find that a different outcome is not warranted; indeed, it is undisputed that the appellant could not exercise typical supervisory functions over K.B., e.g., he could not rate K.B.'s performance or approve/deny K.B.'s leave requests. *Id.*

itself and the narrative outlining the charge and finding that the latter, which is descriptive in nature, is not an element of the charge). In any event, this linguistic dispute is not material to the outcome of this appeal. Indeed, as set forth in greater detail below, inherent to a charge of coercion is some degree of threat. As discussed herein, we discern no basis to disturb the administrative judge's conclusion that the agency failed to show that the appellant threatened K.B. in any capacity; rather, the evidence showed only that the appellant asked K.B. to recant his statement. ID at 11-12. Thus, even if the agency had charged the appellant with "Deliberate Attempt to Coerce *a* Subordinate to Lie," a different outcome would not be warranted.

<u>The agency's contention regarding coercion versus attempted coercion is both unclear and unpersuasive.</u>

¶12   The agency argues that the administrative judge erroneously analyzed the charge by requiring it to show that the appellant coerced his subordinate instead of showing that he *attempted* to coerce his subordinate. PFR File, Tab 1 at 5-6. The agency asserts that it "is axiomatic in American jurisprudence that, fundamental to an attempt charge, it is of no consequence if the actor succeeds or not, or is even capable of success – the only requirement is that the actor take action in furtherance of his goal." *Id.* at 5. We find this assertion unpersuasive.

¶13   The Board has infrequently analyzed a charge of coercion. In *Johnson v. Department of Transportation*, 13 M.S.P.R. 652, 654 (1982), *aff'd*, 735 F.2d 510 (Fed. Cir. 1984), the Board considered the appropriate legal standard for proving coercion in the context of an appellant's claim of coercion as a defense for his having participated in a strike against the Government. In so doing, the Board rejected both the standard for coercion generally applicable in criminal cases, i.e., threat of imminent and unavoidable death or serious bodily harm, and the standard generally applicable in civil cases, i.e., threats to persons and/or

property, to include economic compulsion.[5]  *Johnson*, 13 M.S.P.R. at 656-59. Instead, the Board held that the appellant was required to show "that his failure to report for work was the result of a threat or other intimidating conduct, directed toward him, sufficient to instill in him a reasonable fear of physical danger to himself or others, which a person of ordinary firmness would not be expected to resist."  *Id.* at 656, 661.

¶14      Here, we find that the agency failed to satisfy any of the above-discussed standards regarding coercion; indeed, the record is devoid of evidence that the appellant threatened K.B., either explicitly or implicitly,[6] in any capacity.  As set forth in the initial decision, K.B. never indicated that "the appellant threatened his job or job duties, made *quid pro quo* promises to take certain actions if [K.B.] agreed to do as he requested, or that the appellant even ordered him to retract the statement."  ID at 11 (emphasis in original).  Indeed, K.B. did not testify as to the possible consequences of his refusal.  *Id.*  Instead, the record reflected that the appellant asked K.B. to recant his statement, that K.B. declined to do so, and that K.B. thereafter "went about his business without further incident."  ID at 11-12.

¶15      The agency's contention—that the administrative judge erroneously analyzed the charge by requiring the agency to show that the appellant coerced his subordinate instead of requiring the agency to show that he *attempted* to coerce his subordinate—is unclear.  PFR File, Tab 1 at 5-6.  The agency

---

[5] In his initial decision, the administrative judge stated that "[t]he Board has held that coercion may be found where it is based on threats to, among other things, interfere with a business or occupation."  ID at 10 (citing *Johnson v. Department of Transportation*, 13 M.S.P.R. 652, 657-58 (1982)).  This statement was imprecise.  In *Johnson*, the Board referenced interference with a business or occupation in the context of summarizing the test of duress or undue influence generally applicable in civil actions; the Board, however, rejected this standard.  *Johnson*, 13 M.S.P.R. at 657-58.  This imprecision is not material to the outcome of this appeal.  *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984).

[6] Indeed, as discussed above, the appellant did not have typical supervisory authority over K.B.; thus, the appellant's request could not reasonably be construed as an implicit threat to K.B.'s position at the agency.  ID at 11.

seemingly argues that it proved attempted coercion because the administrative judge found that the appellant intentionally requested that K.B. retract his statement so as to avoid discipline. *Id.* at 5 & n.1. This finding, however, is not material to an attempted coercion charge; indeed, the finding pertains to the appellant's intent to avoid discipline, not his intent to threaten to exert undue influence on K.B., i.e., to coerce him.[7] ID at 9-10; *see United States v. Isabella*, 918 F.3d 816, 831 (10th Cir. 2019) (explaining, in the criminal law context, that, to prove an "attempt," the Government must show both specific intent to commit the charged crime and a substantial step towards completion of the same). Thus, the agency's argument does not provide a basis to disturb the initial decision.

The agency failed to prove the essence of the charge.

¶16    Last, the agency contends that it proved "the essence" of the charge because "the [administrative judge] found that the [a]gency proved every other aspect of the charge besides coercion." PFR File, Tab 1 at 6. To this end, the agency avers that the administrative judge found that the conversation between the appellant and K.B. underlying the charge had taken place as alleged and that the appellant had acted deliberately. *Id.* We find these assertions unavailing.

¶17    If an agency chooses to label an act of misconduct, it is bound to prove the elements that make up the legal definition of that charge. *Otero v. U.S. Postal Service*, 73 M.S.P.R. 198, 202 (1997). Here, the agency did not charge the appellant with misconduct or with having an inappropriate conversation with K.B.; rather, it elected to charge him with attempting to coerce his subordinate.

---

[7] For purposes of his analysis, the administrative judge broke the charge of "Deliberate Attempt to Coerce your Subordinate to Lie" into three distinct elements: (1) whether the factual allegations were true, i.e., whether the December 13, 2019 conversation between the appellant and K.B. took place as alleged; (2) whether the appellant acted deliberately, or with intent, during the course of the same, i.e., whether the appellant intentionally requested that K.B. retract his statement so as to avoid discipline; and (3) whether the appellant's request constituted an attempt to coerce his subordinate to lie. IAF, Tab 5 at 80; ID at 5-12. The agency's apparent argument conflates the latter two elements. PFR File, Tab 1 at 5-6.

IAF, Tab 5 at 80.  Thus, the agency did not prove the charge as written.  *See Burroughs v. Department of the Army*, 918 F.2d 170, 172 (Fed. Cir. 1990) (explaining that the Board may not split a single charge into several independent charges and then sustain one of the newly formulated charges, which represents only a portion of the original); *see also Alvarado v. Department of the Air Force*, 103 M.S.P.R. 1, ¶ 9 (2006) (stating that the Board is bound to decide cases according to how the charge is written, not how it could or should have been written).  Accordingly, we find no basis to disturb the initial decision.

**ORDER**

¶18      We ORDER the agency to cancel the removal action and to restore the appellant effective December 23, 2020.  *See Kerr v. National Endowment for the Arts*, 726 F.2d 730 (Fed. Cir. 1984).  The agency must complete this action no later than 20 days after the date of this decision.

¶19      We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Back Pay Act and/or Postal Service regulations, as appropriate, no later than 60 calendar days after the date of this decision.  We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order.  If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

¶20      We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order.  The appellant, if not notified, should ask the agency about its progress.  *See* 5 C.F.R. § 1201.181(b).

¶21      No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement

with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. 5 C.F.R. § 1201.182(a).

¶22 For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision are attached. The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

**NOTICE TO THE APPELLANT REGARDING**
**YOUR RIGHT TO REQUEST**
**ATTORNEY FEES AND COSTS**

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set forth at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

## NOTICE OF APPEAL RIGHTS[8]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[8] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[9]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[9] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: /s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.