**UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| HASSAN HWIG,<br>        Appellant, | DOCKET NUMBER<br>DC-0752-18-0368-I-1 |
| v. | |
| DEPARTMENT OF THE NAVY,<br>        Agency. | DATE: August 25, 2023 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

M. Jefferson Euchler, Esquire, Virginia Beach, Virginia, for the appellant.

Kathleen A. Giacolone, Portsmouth, Virginia, for the agency.

Lauren Leathers, Falls Church, Virginia, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

¶1        The agency has filed a petition for review of the initial decision, which reversed the appellant's removal for failing to provide the agency information regarding his arrest.  For the reasons discussed below, we GRANT the agency's

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

petition for review, REVERSE the initial decision, and AFFIRM the agency's action removing the appellant.

## BACKGROUND

¶2     The agency employed the appellant as a GS-9 Polysomnographic Technician. Initial Appeal File (IAF), Tab 6 at 26. On August 16, 2016, he was arrested for misdemeanor sexual battery in connection with an alleged incident at his non-Federal part-time job. *Id.* at 66, 104. In October 2016, the agency's assistant security manager informed him that the Department of Defense Consolidated Adjudication Facility required information about his arrest to make a security clearance determination and requested that he provide "all details about the sexual battery charge, to include what led to this charge (the story behind the incident), fines, imprisonment, rehabilitation, disposition, etc." *Id.* at 62-64, 118. The appellant provided a copy of the arrest warrant and a letter from his attorney stating that his case was scheduled for trial on November 4, 2016, in the Chesapeake General District Court. *Id.* at 65-66, 118; IAF, Tab 14, Hearing Compact Disc (HCD) (testimony of the assistant security manager). On November 4, 2016, the district court found him guilty and sentenced him to 365 days incarceration with 325 days suspended. IAF, Tab 6 at 105, 120. The appellant, through his attorney, appealed the district court judgment to the circuit court. *Id.* at 72, 104; HCD (testimony of the appellant).

¶3     Between November 2016 and June 2017, while the circuit court appeal was pending, the assistant security manager emailed the appellant at least five times requesting information and documentation regarding his court date. IAF, Tab 6 at 67-71. The appellant went to the assistant security manager's office approximately eight to ten times during this period to discuss his court case, but he did not disclose that he had been convicted by the district court or that he had filed an appeal to the circuit court; instead, he repeatedly stated that his trial had been rescheduled and was "continued" or "continuing." HCD (testimony of the

appellant and the assistant security manager). He testified that he asked the assistant security manager to contact his criminal defense attorney for information because he did not understand the situation but that the assistant security manager did not do so. HCD (testimony of the appellant). In June 2017, the assistant security manager searched the district court's online case information system and discovered that the appellant had been found guilty and sentenced on November 4, 2016, and that he had appealed the judgment to the circuit court. HCD (testimony of the assistant security manager); IAF, Tab 6 at 120. The assistant security manager also looked at the circuit court's online docket and discovered that the appellant's trial was scheduled for July 11, 2017.[2] HCD (testimony of the assistant security manager); IAF, Tab 6 at 72. In a June 2017 meeting with the appellant, his supervisor, and the assistant security manager, the appellant stated that his court date had been postponed multiple times, but he did not disclose that he had been found guilty or that he had filed an appeal. HCD (testimony of the appellant, his supervisor, and the assistant security manager). Although the appellant invited them to contact his criminal defense attorney for information, they testified that it was his burden to provide information about his criminal case and that it was not their responsibility to contact his lawyer for information. HCD (testimony of the appellant, his supervisor, and the assistant security manager). The agency placed the appellant on administrative leave pending an investigation into his conduct on June 30, 2017. IAF, Tab 6 at 134-35.

¶4    After a July 11, 2017 trial, the Circuit Court for the City of Chesapeake dismissed the charge against the appellant. IAF, Tab 6 at 106. In February 2018, the circuit court granted his petition to have all records of the criminal charge expunged from his record. IAF, Tab 10 at 12-13.

---

[2] The docket report reflects that the appellant's circuit court trial was rescheduled four times. IAF, Tab 6 at 72.

¶5     On December 13, 2017, the agency proposed to remove the appellant on the basis of one charge of failing to provide information regarding his arrest supported by the following narrative specification:

> On August 16, 2016, you were arrested for sexual battery of a woman you administered a sleep study to at an outside sleep laboratory. Upon your return to work, I asked you about the status of your arrest and you told me that the arrest was a misunderstanding and you were taking care of it. In October 2016, the assistant security manager requested details about the arrest and disposition in order for the Defense Consolidation Adjudication Facility (DODCAF) to make a determination about your security clearance. In October 2016, you provided him a letter from your lawyer indicating a November 4, 2016 court date. Upon further requests from me and the assistant security manager for information about the outcome of your November 4, 2016 court date, you failed to disclose that on November 4, 2016 you were convicted in Chesapeake General District Court of sexual battery and sentenced to 365 days of confinement, with 325 of those days suspended. Instead you repeatedly told me and the assistant security manager that your November 4, 2016 court date had been continued. After conducting a search of the Virginia Courts Case Information system in mid-June 2017, the assistant security manager learned that you had been convicted of sexual battery on November 4, 2016 and that you were scheduled for another trial on July 11, 2017. When you were asked by the assistant security manager in late-June 2017 about what he found, you denied going to trial and having been found guilty. Additionally, in your statement during the command's July 2017 fact-finding investigation, you wrote that you were not told that you were guilty or not guilty, despite court records from November 2016, to the contrary. To date, the only documentation you provided to the assistant security manager was the arrest warrant and an October 5, 2016 letter from your lawyer stating the hearing was scheduled for November 16, 2016. You also provided a June 8, 2017 court order and a blank expungement petition to the investigating officer during the July 2017 fact-finding investigation.

IAF, Tab 6 at 96-97. The appellant provided an oral response to the proposed removal, insisting that he had been honest and that he had continually asked the assistant security manager to contact his lawyer for information. *Id.* at 90-94. In

a March 1, 2018 decision letter, the deciding official found the charge supported by the evidence and removed the appellant effective March 9, 2018. *Id.* at 28-31.

¶6     The appellant timely appealed his removal to the Board, requested a hearing, and raised an affirmative defense of retaliation for equal employment opportunity (EEO) activity. IAF, Tab 1. In an order and summary of the status conference, the administrative judge informed the parties that he construed the agency's charge as one involving lack of candor, set forth the applicable law and burdens of proof, and stated that, if either party disagreed with the order and summary, they must file a written objection within 5 days. IAF, Tab 8. Neither party submitted an objection.

¶7     After holding a hearing by video teleconference, the administrative judge issued an initial decision finding that the agency failed to prove the charge, nexus, or the reasonableness of the penalty and reversed the agency's action. IAF, Tab 16, Initial Decision (ID) at 8-15, 22. He also found that the appellant failed to prove his EEO reprisal affirmative defense. ID at 20-22. The agency has filed a petition for review of the initial decision, the appellant has responded, and the agency has replied. Petition for Review (PFR) File, Tabs 1, 3-4.[3]

---

[3] It is undisputed that the agency provided interim relief. Specifically, the appellant submitted with his response a Standard Form 50 reflecting that the agency canceled his removal as of its effective date. PFR File, Tab 1, Tab 3 at 9, 11. The appellant argues that, because the agency canceled the removal in its entirety and began processing his back pay, the appeal must be dismissed as moot. PFR File, Tab 3 at 9. In its reply, the agency argues that it attempted in good faith to comply with the interim relief order and that, although it inadvertently exceeded the interim relief order, the appeal is not moot. PFR File, Tab 4 at 5-6. We find that the agency has exceeded the requirements of the interim relief order by canceling the removal rather than reinstating the appellant from the date of the initial decision. Although an argument could be made that the agency's petition for review should be dismissed because canceling the action from its effective date rendered the petition moot, the Board has held that such an action does not require dismissal. *See Nanette v. Department of the Treasury*, 92 M.S.P.R. 127, ¶ 13 n.1 (2002) (declining to dismiss an agency's petition for review as moot when the agency has in good faith and inadvertently exceeded the requirements of an interim relief order), *aff'd*, 155 F.3d 568 (Fed. Cir. 1998) (Table). Accordingly, the Board exercises its discretion not to dismiss the agency's petition for review despite the fact that the

## ANALYSIS

The agency proved the charge by preponderant evidence.

¶8    As noted above, the administrative judge construed the agency's charge of failure to provide information regarding the arrest and accompanying narrative specification as a charge of lack of candor.  IAF, Tab 8 at 2.  The parties have not challenged the administrative judge's decision to construe the charge in this manner, and we agree that the charge and specification read together reasonably allege that the appellant lacked candor.  *See George v. Department of the Army*, 104 M.S.P.R. 596, ¶ 7 (2007) (providing that, in resolving the issue of how a charge should be construed, the Board examines the structure and language of the proposal notice and the decision notice, as well as the accompanying specifications and circumstances), *aff'd*, 263 F. App'x 889 (Fed. Cir. 2008); *see also Ludlum v. Department of Justice*, 278 F.3d 1280, 1284 (Fed. Cir. 2002) (stating that lack of candor is a flexible charge involving a failure to provide complete and accurate information but not requiring proof of intent).  Therefore, we do not disturb the administrative judge's decision to construe the charge as one of lack of candor.

An agency alleging lack of candor must prove the following elements by a preponderance of the evidence:   (1) that the employee gave incorrect or incomplete information; and (2) that he did so knowingly.[4]  *Gardner v. Department of Veterans Affairs*, 123 M.S.P.R. 647, ¶ 23 (2016), *clarified on other grounds by Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 23-24.   When, as here, the agency's charge contains a narrative

---

appellant submitted evidence showing that the agency exceeded the interim relief order.  *See, e.g.*, *Lavette v. U.S. Postal Service*, 96 M.S.P.R. 239, ¶¶ 12-15 (2004) (declining to dismiss the agency's cross petition for review despite evidence that it exceeded the requirements of the interim relief order by canceling the action appealed).

[4] A preponderance of the evidence is defined as the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue.  5 C.F.R. § 1201.4(q).

explanation for the basis of its action, the agency may sustain its charge by proving one or more of the incidents described therein; proof of every incident is not required.  *See Otero v. U.S. Postal Service*, [73 M.S.P.R. 198](), 204 (1997).

¶9        The administrative judge found that the agency's narrative specification alleged the following three separate instances of lack of candor:  (1) when the appellant failed to disclose that he was convicted on November 4, 2016, in district court of sexual battery and sentenced; (2) when, in June 2017, he "denied going to trial and having been found guilty"; and (3) when, in July 2017, he wrote that he was not told that he was "guilty or not guilty."  ID at 8-9.  The administrative judge found that the agency did not prove that the appellant lacked candor by denying he was convicted or found guilty because, under Virginia state law governing misdemeanor prosecutions, an appeal to the circuit court annuls the judgment of the district court as if there had been no previous trial and entitles a defendant to de novo review in the circuit court.  ID at 11-12.  He also found that, even if the appellant expressly denied going to trial, there was no evidence that he knew such statement was incorrect given his unrefuted hearing testimony about his November 4, 2016 court appearance—namely, that he sat in a large courtroom while other proceedings were conducted, he was not allowed to testify or offer exculpatory video evidence, and his attorney told him not to worry and that there would be another proceeding before a new judge.  ID at 12-13.  He further found that the fact that the appellant offered to have the agency officials contact his attorney undermined the agency's theory that he was attempting to obfuscate the existence of his district court proceeding and observed that the circuit court docket entries confirmed the appellant's assertion that his court date had been rescheduled.  ID at 13.  Finally, he found that the appellant's confusion about the proceedings and the proper terms to apply to them were reasonable in light of Virginia's unique binary criminal trial process and the fact that he was not trained in the law.  ID at 13-14.  Thus, he did not sustain the charge.  ID at 14.

¶10     On review, the agency argues that the Virginia law that annulled the appellant's conviction upon appeal cannot supersede Executive Order 12968 and its implementing regulations, which require the appellant to provide any and all relevant information for the purposes of a security clearance determination, and that the administrative judge erred when he relied on state law to excuse the appellant from disclosing information required by the executive order. PFR File, Tab 1 at 9-18. The agency further argues that it proved the charge because it is undisputed that the appellant was convicted and sentenced at the November 4, 2016 trial but that he failed to disclose the conviction to anyone at the agency at any time between November 2016 and June 2017. *Id.* at 18-25. The agency claims that, even if the appellant was confused about the November 4, 2016 district court proceeding, he provided incomplete and inaccurate information to the assistant security manager when he told him that his case was continued rather than truthfully disclosing that there had been a court proceeding but that he was confused and did not understand the process. *Id.* at 20. The agency argues that the record establishes an element of deception on the part of the appellant because he knew he was obligated to provide information regarding his arrest and criminal proceedings for the purposes of a security clearance determination but, assuming as true that he was confused about the nature and outcome of his district court proceeding, he chose to remain ignorant, did not seek clarification from his attorney, and falsely denied going to court. *Id.* at 20-24.

¶11     We disagree with the agency's contention that the administrative judge erred in considering Virginia state law in determining whether the appellant provided incorrect or inaccurate information regarding his Virginia state criminal proceedings and conviction. However, the fact that the appellant's conviction was legally annulled upon the filing of an appeal does not establish that he provided complete and accurate information to the agency regarding his court case. While lack of candor need not involve an affirmative misrepresentation, it "may involve a failure to disclose something that, in the circumstances, should

have been disclosed to make the statement accurate and complete." *O'Lague v. Department of Veterans Affairs*, 123 M.S.P.R. 340, ¶ 13 (2016) (quoting *Ludlum v. Department of Justice*, 278 F.3d 1280, 1284 (Fed. Cir. 2002)).

¶12    Here, as noted above, the agency alleged that the appellant lacked candor when, although he was on notice that he was required to provide the agency information regarding his court case for purposes of a security clearance determination, he failed to disclose that he had been convicted, found guilty, or sentenced and instead repeatedly told the assistant security manager that his court date had been "continued." IAF, Tab 6 at 96-97. Although we defer to the administrative judge's determination based on hearing testimony that the appellant was confused about the nature and outcome of his district court appearance, we find that he failed to disclose information known to him that would have made his responses accurate and complete. Specifically, as his hearing testimony confirms, he was aware that he attended a court proceeding regarding his misdemeanor charge of sexual battery on November 4, 2016, and that the judge rendered a decision at that time. HCD (testimony of the appellant). In addition, he testified that his attorney told him that the judge made the wrong decision and that he would have a second trial. *Id*. In failing to disclose this information and instead maintaining that his case was "continuing" or "continued," the appellant knowingly provided incomplete and inaccurate information that gave the wrong impression about the status and progression of his court case. The fact that the appellant invited his supervisor and the assistant security manager to contact his criminal defense attorney for information does not negate the fact that he provided them incomplete and inaccurate information. Thus, we find that the agency proved that the appellant lacked candor and sustain the charge. *See O'Lague*, 123 M.S.P.R. 340, ¶ 13.

The agency established nexus.

¶13    In addition to the requirement that the agency prove the charge it has brought against the appellant, the agency must also prove that there is a nexus,

i.e., a clear and direct relationship between the articulated grounds for the adverse action and the appellant's ability to satisfactorily accomplish his duties or some other legitimate government interest. *Canada v. Department of Homeland Security*, [113 M.S.P.R. 509](#), ¶ 10 (2010). In the initial decision, the administrative judge found that, even if he sustained the charge, it was unclear whether the appellant's removal for failure to disclose an intermediate step in his criminal proceedings promoted the efficiency of the service. ID at 14 n.6. We disagree. An employer has a right to expect its workers to be honest, trustworthy, and candid, and lack of candor strikes at the heart of the employer-employee relationship and directly impacts the efficiency of the service. *Ludlum v. Department of Justice*, [87 M.S.P.R. 56](#), ¶ 28 (2000), *aff'd*, [278 F.3d 1280](#) (Fed. Cir. 2002). Here, as discussed above, the appellant knowingly failed to provide complete and accurate responses to the agency's requests for information regarding his criminal court proceeding for the purposes of a security clearance determination over the course of approximately 7 months. Accordingly, we find that the agency established a nexus between its action and the efficiency of the service. *See id.*, ¶¶ 14-25, 28 (finding that the appellant's failure to respond fully and truthfully during an administrative investigation directly impacted the efficiency of the service).

## The appellant failed to establish his EEO reprisal affirmative defense.

¶14    To establish a claim of EEO reprisal, an appellant must show that the prohibited consideration was at least a motivating factor in the personnel action at issue. *Pridgen*, [2022 MSPB 31](#), ¶¶ 21-22. Here, the appellant argued that his removal was motivated by his prior EEO activity and, in support of this claim, pointed to the temporal proximity between the prior activity and the removal, the involvement of the deciding official in both proceedings, and the absence of a legitimate basis for his removal. HCD (closing argument by the appellant). In the initial decision, the administrative judge considered these arguments but

found that the appellant failed to show that his removal was motivated by retaliatory animus. ID at 20-22. Specifically, he found that the 20-month lapse in time between the 2016 settlement agreement resolving the appellant's EEO complaint and the December 2017 proposed removal weighed against finding that the EEO activity was causally connected to the adverse action. ID at 22 (citing *Clark County School District v. Breeden*, 532 U.S. 268, 273-74 (2001), which explained that temporal proximity between protected EEO activity and an adverse action "must be 'very close,'" and an "[a]ction taken . . . 20 months later suggests, by itself, no causality at all"). He further found that the deciding official testified in a convincing manner that his personal involvement in the appellant's prior EEO complaint had no bearing on his removal decision. ID at 22. We agree that a 20-month lapse of time does not suggest causality and discern no basis to disturb the administrative judge's implicit demeanor-based determination that the deciding official credibly denied that he was motivated by retaliatory animus. *See Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002) (stating that the Board must give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing). Because we affirm the administrative judge's finding that the appellant failed to show that any prohibited consideration was a motivating factor in the agency's action, we need not resolve the issue of whether the appellant proved that retaliation was a "but-for" cause of the agency's decision. *See Pridgen*, 2022 MSPB 31, ¶¶ 20-22, 29-33.

The penalty of removal is reasonable.

¶15      When, as here, all of the agency's charges are sustained, the Board will review the agency-imposed penalty only to determine if the agency considered all the relevant factors and exercised management discretion within the tolerable limits of reasonableness. *Ellis v. Department of Defense*, 114 M.S.P.R. 407, ¶ 11

(2010); *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981) (articulating a nonexhaustive list of 12 factors that are relevant in assessing the appropriate penalty for an act of misconduct). In making this determination, the Board must give due weight to the agency's primary discretion in maintaining employee discipline and efficiency, recognizing that the Board's function is not to displace management's responsibility, but to ensure that managerial judgment has been properly exercised. *Ellis*, 114 M.S.P.R. 407, ¶ 11. The Board will modify or mitigate an agency-imposed penalty only when it finds the agency failed to weigh the relevant factors or the penalty clearly exceeds the bounds of reasonableness. *Id.*

¶16    In the initial decision, the administrative judge stated that, even if he had sustained the charge, he would find that the deciding official did not properly exercise his judgment because he improperly relied on the underlying nature of the misdemeanor charge against the appellant and his annulled conviction in his consideration of the *Douglas* factors. ID at 14-15. He also found that removal exceeded the tolerable limits of reasonableness given the de minimis nature of the offense and the specific facts surrounding the appellant's criminal proceedings under Virginia law. ID at 16. The agency challenges these finding on review. PFR File, Tab 1 at 25-27.

¶17    The record reflects that the deciding official carefully considered the relevant *Douglas* factors in determining the appropriate penalty. IAF, Tab 6 at 32-35. Specifically, he found as aggravating factors the following: the nature and seriousness of the appellant's failure to be truthful to avoid the possibility of losing his security clearance, which was a condition of his employment; management's loss of trust and confidence in the appellant following his "prolonged concealment of information"; his May 24, 2016 letter of reprimand for disrespectful conduct; the notoriety of the offense; and the fact that the appellant was on notice of his obligation to provide information regarding any action taken as a result of his arrest for the purposes of a security clearance

determination. *Id.* He appeared to consider as mitigating factors the appellant's 11.5 years of service and recent increase in productivity. *Id.* at 33. He also considered the appellant's claim that his attorneys advised him not to discuss his case with anyone but found that there were times the appellant talked about his case and that he "conveniently picked and chose what [he] wanted to share" and was attempting to use his attorneys as a "shield" from his misconduct. *Id.* at 35. In addition, he considered the absence of comparator evidence, the table of penalties, and the adequacy and effectiveness of alternative sanctions but concluded that removal was the appropriate penalty. *Id.* at 32-35.

¶18        We disagree with the administrative judge's conclusion that the deciding official impermissibly relied on the underlying nature of the misdemeanor charge or the district court conviction in determining the appropriate penalty. IAF, Tab 6 at 32-35. While the deciding official indicated on his *Douglas* factors worksheet that the appellant "failed to tell the command the result of [his] November 4, 2016 court appearance in which [he was] convicted of sexual battery," he also acknowledged that the appellant appealed the conviction, was later found not guilty, and had his record expunged. *Id.* at 32. Thus, it is clear that the deciding official did not consider the annulled conviction to be the final disposition of the appellant's criminal case. In addition, as discussed above, the agency proved that the appellant lacked candor when he failed to disclose important steps in the course of his criminal proceeding—specifically, that he attended a court proceeding, received a decision, and filed an appeal—and instead led the agency to believe that his court case had simply been continued. As such, the deciding official properly considered the appellant's failure to be truthful about his court proceeding in his assessment of the appropriate penalty. Furthermore, although the deciding official mentioned the nature of the misdemeanor charge in his discussion of several of the *Douglas* factors, he emphasized that he had lost trust in the appellant because of his failure to be truthful, not because of the factual basis of the charge. *Id.* at 32-35.

¶19       In light of the foregoing, we find that the deciding official properly considered the relevant *Douglas* factors and properly exercised his managerial judgment in imposing the appellant's removal. Moreover, we find that the penalty of removal does not exceed the tolerable limits of reasonableness for the sustained charge of lack of candor. *See, e.g.*, *Smith v. Department of the Interior*, 112 M.S.P.R. 173, ¶ 26 (2009) (finding the penalty of removal appropriate for lack of candor and unauthorized absences); *Kamahele v. Department of Homeland Security*, 108 M.S.P.R. 666, ¶¶ 2, 15 (2008) (finding the penalty of removal reasonable when the appellant demonstrated lack of candor and inappropriate conduct).

## NOTICE OF APPEAL RIGHTS[5]

This is the final decision of the Merit Systems Protection Board in this appeal. Title 5 of the Code of Federal Regulations, section 1201.113(c) (5 C.F.R. § 1201.113(c)). You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                         /s/ for
                              Jennifer Everling
                              Acting Clerk of the Board

Washington, D.C.