**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| CLARA DOTTINO, | DOCKET NUMBER |
| Appellant, | DC-0752-16-0869-I-1 |
| v. | |
| DEPARTMENT OF THE TREASURY, | DATE:  February 8, 2024 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Robert J. Mulhern, Esquire, Chestertown, Maryland, for the appellant.

Noah Dottino, Arlington, Virginia, for the appellant.

Robert M. Mirkov, Esquire, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which sustained her removal.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute

_____

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to supplement the administrative judge's analysis of the appellant's affirmative defense of whistleblower reprisal, we AFFIRM the initial decision.

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant was employed as a Lead Management and Program Analyst, GS-14, in the Criminal Investigation Division of the Internal Revenue Service. Initial Appeal File (IAF), Tab 6 at 13. On December 8, 2015, the agency proposed the appellant's removal. IAF, Tab 7 at 101-04. The charges against the appellant as set forth in the notice of proposed adverse action were as follows:

**Reason 1**: You committed an unauthorized access of personnel records.

**Specification 1**: In approximately August 2014, you accessed a folder on the Warrants and Forfeiture network drive which contained subfolders of confidential personnel records of other employees. You admitted you viewed the folders of [5 other named agency employees]. You did not receive permission from the employees to access their folders and had no official business reason to browse the folders. You even attempted to access the folders after the permissions were changed and the shortcut to the folder no longer worked.

**Specification 2**: During an interview with Treasury Inspector General for Tax Administration (TIGTA) on July 27, 2015, your laptop was viewed by TIGTA and found to have a subfolder titled

"07302014," it contained confidential personnel folders of approximately sixteen employees which had been copied directly from an unsecure folder on the Warrants and Forfeiture network drive. In approximately August 2014, you copied confidential personnel files of other employees directly from the Warrants and Forfeiture network drive knowing that the confidential personnel records should not have been viewed and copied.

**Reason 2**: You were less than candid.

**Specification 1**: During an interview with TIGTA on July 27, 2015, you were questioned regarding unauthorized accesses of confidential personnel records that were in a folder on the Warrants and Forfeiture network drive. You confirmed the folder contained subfolders of personnel files of certain personnel within the Warrants and Forfeiture section which were not restricted from view by other personnel. You stated you made copies of your own folder and created a shortcut to the EPF folder on your desktop. When TIGTA reviewed your laptop, they found a folder titled "Desktop" on your desktop and then a subfolder titled "07302014." The Subfolder 07302014 contained personnel files of sixteen employees which were similar to the Warrants and Forfeiture folder on the server. You had advised the two TIGTA agents that you only copied your own folder and created a shortcut to the EPF on your desktop; however, personnel records of sixteen employees were found in a folder on your desktop.

**Specification 2**: During an interview with TIGTA on July 27, 2015, you told TIGTA agents that you found receipts belonging to your current supervisor, []. The receipts belonging to [your current supervisor] were not saved in your personnel folder.

*Id.* at 101-02. The proposing official informed the appellant that he had reviewed the agency's Manager's Guide to Penalty Determinations (Penalty Guide) and had determined that Reason 1 constituted an Unauthorized Access/Browsing/Updates of Records offense and that Reason 2 constituted a False or Misleading Statements Offense. *Id.* at 102. The proposing official also cited several factors that he considered aggravating, including the appellant's past disciplinary record consisting of a written counseling, a 7-day suspension, and a 14-day suspension. *Id.*

The appellant responded to the notice of proposed removal both orally and in writing. IAF, Tab 6 at 19-45, 48-124; IAF, Tab 7 at 4-100. By letter dated August 11, 2016, the agency informed the appellant of its decision to sustain both charges and to remove her effective August 12, 2016. IAF, Tab 6 at 14-17. The appellant timely filed this appeal challenging her removal on September 12, 2016. IAF, Tab 1. She alleged that the agency violated her substantive and procedural due process rights, as well as her free speech rights under the First Amendment. She also alleged that the agency's action was not in accordance with law and inconsistent with merit systems principles. The appellant further alleged, *inter alia*, that the agency committed harmful procedural error, that several agency officials involved in her removal had "unclean hands," and that the agency had retaliated against her for whistleblowing. *Id.* She initially requested a hearing, *id.*, but she later withdrew that request and instead requested a decision on the written record, IAF, Tab 44.

After giving the parties the opportunity to submit evidence and argument prior to the close of the record, IAF, Tab 47, the administrative judge issued an initial decision sustaining each of the agency's specifications and charges and affirming the appellant's removal, IAF, Tab 59, Initial Decision (ID). The administrative judge found that the appellant failed to prove any of her affirmative defenses and that the penalty of removal was within the range of reasonableness. ID at 14-33.

In her timely filed petition for review, the appellant argues that the administrative judge erred in construing the charges and that the agency failed to prove the charges as properly construed. Petition for Review (PFR) File, Tab 1 at 12-17. She also argues that the administrative judge erred in rejecting her due process, harmful procedural error, and whistleblower reprisal claims. *Id.* at 20-31. Finally, the appellant argues that the penalty was excessive. *Id.* at 32-35. The agency has responded in opposition to the petition for review, PFR File, Tab 6, and the appellant has filed a reply, PFR File, Tab 7.

The administrative judge properly construed and adjudicated the charges.

An employee must receive advance written notice stating the specific reasons for the proposed adverse action. 5 U.S.C. § 7513(b)(1); *Smith v. Department of the Interior*, 112 M.S.P.R. 173, ¶ 5 (2009). To satisfy this notice requirement, an agency is required to state the specific reasons for a proposed adverse action in sufficient detail to allow the employee to make an informed reply. *Smith*, 112 M.S.P.R. 173, ¶ 5. Because the appellant must have full notice of the charges against him, the Board cannot consider or sustain charges or specifications that are not included in the proposal notice. *Id.* However, the Board will not technically construe the wording or specifications of a charge. *Id.* In resolving the issue of how a charge should be construed, the Board examines the structure and language of the proposal notice and the decision notice, as well as the accompanying specifications and circumstances. *George v. Department of the Army*, 104 M.S.P.R. 596, ¶ 7 (2007), *aff'd*, 263 F. App'x 889 (Fed. Cir. 2008). An agency is required to prove only the essence of its charge and need not prove each factual specification supporting the charge. *Hicks v. Department of the Treasury*, 62 M.S.P.R. 71, 74 (1994), *aff'd*, 48 F.3d 1235 (Fed. Cir. 1995) (Table).

Although the agency's first charge appears under the label "Unauthorized Access of Personnel Records," the appellant argues that the Board should construe the charge as actually alleging unauthorized access of *confidential* personnel records and find that the agency failed to prove that charge because the records in question were not confidential. PFR File, Tab 1 at 14-15. Upon examination of the structure and language of the proposal and decision, we agree with the administrative judge that the agency proved both specifications of the unauthorized access of personnel records charge. In light of the label the agency chose to apply to the first charge, we find that the confidential nature of the records viewed by the appellant is not part of the essence of the charge; rather, the essence of the charge is that the appellant accessed personnel records she was

not authorized to access. *See Cole v. Department of the Air Force*, 120 M.S.P.R. 640, ¶ 8 (2014) (citing the agency's chosen label as a factor in determining the essence of the charge). However, even if the appellant is correct that the essence of the charge includes the agency's assertion that the records in question were confidential, we have no trouble concluding that records containing personally identifiable information (PII) qualify as confidential personnel records. We also reject the appellant's argument, PFR File, Tab 1 at 17-19, that she was authorized to access her coworkers' files because she was a whistleblower or because those files were mistakenly placed in an unsecured location. Neither the failure of another employee to properly secure the documents nor the fact that the appellant made a protected disclosure overrides the appellant's obligation to protect PII. Thus, we find no error in the administrative judge's construction of the first charge or her finding that the agency proved that charge.

As to the second charge, the appellant argues that the charge should be construed as false or misleading statements, rather than lack of candor. PFR File, Tab 1 at 13-14. In the proposal notice, the agency labeled the second charge, "You were less than candid." IAF, Tab 7 at 101. Nevertheless, the appellant argues on petition for review that the second charge should actually be construed as false or misleading statements because both the proposal notice and the decision notice refer to the second charge as "a False or Misleading Statements offense." PFR File, Tab 1 at 13-14; IAF, Tab 6 at 14, Tab 7 at 102. However, those statements were clearly part of the agency's penalty determination, not in reference to the charge itself. In both the proposal notice and the decision notice, the agency referred to false or misleading statements in its discussion of the Penalty Guide. IAF, Tab 6 at 14, Tab 7 at 102. Thus, the agency was informing the appellant that, for purposes of its penalty determination, the offense listed in the Penalty Guide most comparable to the second charge was False or Misleading Statements. This was an entirely appropriate consideration in the penalty determination and does not affect the charge itself. *See Ware v. Department of*

*Veterans Affairs*, 76 M.S.P.R. 427, 435 (1997) (in determining an appropriate penalty, the agency properly considered "the offense closest to the charged misconduct" in its table of penalties). We therefore find that the administrative judge properly construed the second charge as lack of candor.[2]

Lack of candor is a "broad[] and . . . flexible concept whose contours and elements depend on the particular context and conduct involved." *Fargnoli v. Department of Commerce*, 123 M.S.P.R. 330, ¶ 16 (2016) (quoting *Ludlum v. Department of Justice*, 278 F.3d 1280, 1284 (Fed. Cir. 2002)). A lack of candor charge may be based on "a failure to disclose something that, in the circumstances, should have been disclosed in order to make a given statement accurate and complete." *Id*. (quoting same). Lack of candor requires proof that the employee knowingly gave incorrect or incomplete information. *Id.*, ¶ 17. Applying those legal standards, we agree with the administrative judge that the agency proved both specifications of lack of candor.

The appellant failed to establish a due process violation or harmful procedural error.

Fundamental due process requires that notice of the charges must be sufficiently detailed to provide a meaningful opportunity to be heard. *Mason v. Department of the Navy*, 70 M.S.P.R. 584, 586-87 (1996). In analyzing a claim of denial of due process, the Board will examine, among other things, whether lack of specificity in the notice affected the appellant detrimentally or caused him any surprise. *Id.* at 587. When an appellant comes forward and refutes a charge made against her, the Board cannot find that she was not given notice of the charge. *Yinat v. Department of the Army*, 101 M.S.P.R. 328, ¶ 15 (2005). Here, although the appellant argues on review that the notice of proposed removal "lacked specificity," PFR File, Tab 1 at 20, we find that the notice was

---

[2] Because we find that the administrative judge properly construed the second charge as lack of candor, we need not address whether the agency proved a charge of false or misleading statements.

sufficiently detailed to allow the appellant to meaningfully respond, as evidenced by her lengthy and substantive written and oral replies to the proposal.

The appellant also argues that the decision letter lacked the specificity and resolution of factual disputes required by the agency's internal rules. PFR File, Tab 1 at 24-25. In addition to the protections afforded by the Constitution, public employees are also entitled to "whatever other procedural protections are afforded them by statute, regulation or agency procedure." *Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1378 (Fed. Cir. 1999). Under 5 U.S.C. § 7701(c)(2)(A), the Board will not sustain an agency decision if the appellant "shows harmful error in the application of the agency's procedures in arriving at such decision." The Board may not assume that an employee has been harmed by a procedural error in the adverse action process; rather, the appellant bears the burden of proving harm. *Ward v. U.S. Postal Service*, 634 F.3d 1274, 1281-82 (Fed. Cir. 2011). A procedural error is harmful where the record shows that the error was likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error. *Doe v. Department of Justice*, 118 M.S.P.R. 434, ¶ 31 (2012); 5 C.F.R. § 1201.56(c)(1). We agree with the administrative judge that the appellant failed to establish either that the agency violated its own procedures or that any such error was likely to have caused the agency to reach a different conclusion. Accordingly, we find that the appellant failed to prove either a due process violation or harmful procedural error.

The appellant failed to prove whistleblower reprisal.

In an adverse action appeal such as this, an appellant's claim of whistleblower reprisal is treated as an affirmative defense. *Shannon v. Department of Veterans Affairs*, 121 M.S.P.R. 221, ¶ 21 (2014). In such instances, once the agency proves its adverse action case by a preponderant evidence, the appellant must show by preponderant evidence that she engaged in whistleblowing activity by making a protected disclosure under 5 U.S.C.

§ 2302(b)(8) and that the disclosure was a contributing factor in the agency's personnel action. *Id.*

If an appellant meets this burden, the burden shifts to the agency to establish by clear and convincing evidence that it would have taken the same action in the absence of the protected disclosure. *Shannon*, 121 M.S.P.R. 221, ¶ 22. In determining whether an agency has met this burden, the Board will consider the following factors: the strength of the agency's evidence in support of its action; the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision; and any evidence that the agency takes similar actions against employees who are not whistleblowers but who are otherwise similarly situated. *Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999). The Board does not view these factors as discrete elements, each of which the agency must prove by clear and convincing evidence, but rather, the Board will weigh the factors together to determine whether the evidence is clear and convincing as a whole. *Phillips v. Department of Transportation*, 113 M.S.P.R. 73, ¶ 11 (2010). The U.S. Court of Appeals for the Federal Circuit has added that "[e]vidence only clearly and convincingly supports a conclusion when it does so in the aggregate considering all the pertinent evidence in the record, and despite the evidence that fairly distracts from the conclusion." *Whitmore v. Department of Labor*, 680 F.3d 1353, 1368 (Fed. Cir. 2012); *Ayers v. Department of the Army*, 123 M.S.P.R. 11, ¶ 27 (2015).

The administrative judge found that the appellant proved that she made a protected disclosure when she disclosed to TIGTA that the agency had failed to secure documents containing employees' PII, ID at 15, and that her disclosure was a contributing factor in the agency's decision to remove her, ID at 15-17. The administrative judge further found, however, that the agency proved by clear and convincing evidence that it would have taken the same action in the absence of the appellant's disclosure. ID at 17-19.

On review, the appellant challenges the administrative judge's analysis of the *Carr* factors. As to the strength of the agency's evidence in support of its action, the appellant restates the arguments she raised in connection with the charges. PFR File, Tab 1 at 27-28. For the reasons set forth in our discussion of the charges above, we do not find those arguments convincing and we agree with the administrative judge that the agency had strong evidence in support of its action.

As to the second *Carr* factor, the appellant argues that the administrative judge improperly minimized the retaliatory motive of the officials involved in her removal. PFR File, Tab 1 at 28-29. The administrative judge found that neither the TIGTA agents whose investigation eventually led to the appellant's removal nor the deciding official who removed the appellant had any particular motive to retaliate against her. ID at 18-19. The appellant argues that the administrative judge's analysis of the second *Carr* factor is inconsistent with our reviewing court's decision in *Whitmore*. PFR File, Tab 1 at 28-31. We agree that the administrative judge's view of the second *Carr* factor was overly restrictive, and therefore we modify the initial decision to consider that factor more fully.

In *Whitmore*, the Federal Circuit cautioned the Board against taking an unduly dismissive and restrictive view of retaliatory motive, holding that "[t]hose responsible for the agency's performance overall may well be motivated to retaliate even if they are not directly implicated by the disclosures, and even if they do not know the whistleblower personally, as the criticism reflects on them in their capacities as managers and employees." 680 F.3d at 1370. Thus, we find that there was at least some motive to retaliate against the appellant, even if the deciding official was not personally implicated in the appellant's protected disclosure.

When applying the second *Carr* factor, the Board will consider any motive to retaliate on the part of the agency official who ordered the action, as well as any motive to retaliate on the part of other agency officials who influenced the

decision. *McCarthy v. International Boundary and Water Commission*, 116 M.S.P.R. 594, ¶ 62 (2011), *aff'd*, 497 F. App'x 4 (Fed. Cir. 2012). The appellant argues that the proposing official had a strong retaliatory motive that should be imputed to the deciding official. PFR File, Tab 1 at 29. Although the proposing official was in the appellant's chain of command, there is nothing in the record indicating that the proposing official was directly implicated in the appellant's protected disclosure or suffered any adverse consequences as a result of her disclosure to TIGTA. Thus, there is nothing in the record to support the appellant's assertion that the proposing official had a particularly strong motive to retaliate against her that could be imputed to the deciding official. Accordingly, although we find that there was at least some motive to retaliate against the appellant for her disclosure, we do not find that such motive was particularly strong.

As to the third *Carr* factor, the appellant correctly notes that the administrative judge failed to address that factor in the initial decision. PFR File, Tab 1 at 31. We therefore do so here. The agency offered no evidence of its treatment of similarly situated non-whistleblowers. "[T]he absence of evidence relating to *Carr* factor three can effectively remove that factor from the analysis." *Whitmore*, 680 F.3d at 1374. Thus, the third factor does not weigh heavily in our determination of whether the agency met its burden by clear and convincing evidence.[3]

Upon consideration of the record as a whole, including evidence that detracts from the conclusion that the agency met its burden, we are left with the firm belief that the agency would have taken the same action in the absence of the appellant's protected disclosure. We base this determination on the agency's

---

[3] We are mindful of the Federal Circuit's warning in *Whitmore* that the failure to produce all reasonably pertinent evidence relating to the third *Carr* factor "may be at the agency's peril." 680 F.3d at 1374; *see Miller v. Department of Justice*, 842 F.3d 1252, 1262 (Fed. Cir. 2016) (finding that in the absence of evidence, the third *Carr* factor "adds little to the overall analysis in this case, but if anything, tends to cut slightly against the Government").

strong evidence in support of its action and the absence of a particularly strong motive to retaliate. Accordingly, we agree with the administrative judge that the appellant failed to prove her affirmative defense of whistleblower reprisal.

The penalty of removal was within the limits of reasonableness.

The appellant raises a few specific challenges to the administrative judge's penalty analysis. PFR File, Tab 1 at 32-34. When, as here, all of the agency's charges have been sustained, the Board will review an agency-imposed penalty only to determine if the agency considered all of the relevant factors and exercised management discretion within tolerable limits of reasonableness. *Adam v. U.S. Postal Service*, 96 M.S.P.R. 492, ¶ 5 (2004), *aff'd*, 137 F. App'x 352 (Fed. Cir. 2005); *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 306 (1981). In doing so, the Board must give due weight to the agency's primary discretion in maintaining employee discipline and efficiency, recognizing that the Board's function is not to displace management's responsibility but to ensure that managerial judgment has been properly exercised. *Adam*, 96 M.S.P.R. 492, ¶ 5. Thus, the Board will modify a penalty only when it finds that the agency failed to weigh the relevant factors or that it clearly exceeded the bounds of reasonableness in determining the penalty. *Id.* We agree with the administrative judge that the agency properly considered the relevant factors in reaching its penalty determination and that the penalty of removal is within the limits of reasonableness for the appellant's misconduct. ID at 30-33. For the reasons set forth below, we find that the appellant's arguments on petition for review do not provide a basis for disturbing the agency's penalty determination.

First, the appellant reiterates her argument as to the construction of the second charge. PFR File, Tab 1 at 32. We have already rejected that argument in connection with the charges, and we need not address it further here.

The appellant also argues that the penalty she received was "not consistent" because no other employee who accessed the same files she did was removed. PFR File, Tab 1 at 33. It is well settled that when an appellant alleges that an

agency treated her disparately as compared to other employees who committed the same or similar offenses, she has the initial burden of showing that those employees are proper comparators. *See Archuleta v. Department of the Air Force,* 16 M.S.P.R. 404, 407 (1983) (holding that, to establish disparate penalties, the appellant must show that the charges and the circumstances surrounding the charged behavior are substantially similar). Here, the appellant's bare assertion that other employees accessed the same files she did fails to satisfy her initial burden as to her disparate penalties claim. First, she has not established that those other employees' access was unauthorized. Additionally, she does not even allege that any of those other employees also lacked candor. Thus, she failed to show that those employees committed the same or similar offenses. *See Bencomo v. Department of Homeland Security*, 115 M.S.P.R. 621, ¶¶ 2, 20 (2011) (holding that the appellant failed to establish a disparate penalties claim where the alleged comparators engaged in conduct similar to only some of the charges for which the appellant was removed), *aff'd,* 468 F. App'x 986 (Fed. Cir. 2012). Accordingly, the appellant's disparate penalties claim does not provide a basis for mitigating the penalty.[4]

Finally, the appellant argues that the penalty of removal was inconsistent with the Penalty Guide because the upper range of penalties in the Penalty Guide for a first offense of Unauthorized Access/Browsing/Updates of Records offense is a 5-day suspension. PFR File, Tab 1 at 34. An agency's table of penalties is only one factor to be considered in assessing the reasonableness of the penalty. *See Phillips v. Department of the Interior*, 95 M.S.P.R. 21, ¶ 17 (2003), *aff'd,* 131 F. App'x 709 (Fed. Cir. 2005). Moreover, the Board and the Federal Circuit have found that an agency's table of penalties is merely a guide and is not mandatory unless the agency has a specific statement making the table mandatory and binding rather than advisory. *Id*.; *see Farrell v. Department of the Interior*,

---

[4] In *Singh v. U.S. Postal Service*, 2022 MSPB 15, ¶¶ 14-18, we overruled and clarified the standards for disparate penalties claims. However, our analysis of the disparate penalties claim in this case is not affected by *Singh*.

314 F.3d 584, 590-92 (Fed. Cir. 2002). Here, the Penalty Guide contains a statement that it "should serve as a guide ONLY, not a rigid standard." PFR File, Tab 6 at 24 (emphasis in original).[5] Additionally, the appellant's argument based on the Penalty Guide fails to acknowledge that she was charged with two specifications of unauthorized access as well as two specifications of lack of candor. It also fails to account for the fact that she had previously been suspended twice for misconduct that included, on both occasions, making a false statement. IAF, Tab 8 at 41, 61-62. The Penalty Guide provides for removal as the penalty for a third False or Misleading Statements offense. PFR File, Tab 6 at 34. Therefore, the appellant's argument regarding the Penalty Guide does not justify mitigating the penalty.

The appellant's remaining arguments do not warrant a different outcome.

We have considered the appellant's remaining arguments on appeal, including but not limited to her arguments regarding unclean hands and violation of her First Amendment rights. We agree with the administrative judge that those arguments do not provide a basis for reversing the appellant's removal.

## NOTICE OF APPEAL RIGHTS[6]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and

---

[5] A copy of the Penalty Guide was in the record below. IAF, Tab 49 at 322-51. However, some of the text of the Guide was cut off. The agency has submitted a more legible copy of the same document on petition for review. PFR File, Tab 6 at 23-52.

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation

for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

> http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:          _____
                        Gina K. Grippando
                        Clerk of the Board

Washington, D.C.